IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01315-RBJ-MEH

KELLY L. PAIZ,

    Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation, and
JACKSON NATIONAL LIFE DISTRIBUTORS, LLC, a Delaware corporation,

    Defendants.

## PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pursuant to the Stipulated Motion for Protective Order filed by the parties, the Court hereby orders as follows:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Any party who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who believes such documents or information contain nonpublic business, financial, customer, vendor, personal, personnel, employment, private, medical, or proprietary information, may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this

Protective Order. The parties understand that any designation of "Confidential Material" under this Protective Order will be subject to the certification requirement in Fed. R. Civ. P. 26(g).

4.      Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a)     attorneys for the parties to this litigation;

(b)     persons regularly employed or associated with the attorneys for the parties to this litigation whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c)     officers, directors and employees of the parties;

(d)     testifying and non-testifying opinion witnesses and consultants retained in connection with this proceeding, and their staffs, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses who execute the attached Exhibit A; and

(h)     other persons by written agreement of the parties who execute the attached Exhibit A.

5.      Nothing in this Order shall prevent disclosure or use of Confidential Information by a producing party or to any person who authored the Confidential Information, in whole or in part, or who received the Confidential Information prior to the initiation of the above-captioned litigation.

6.       Prior to disclosing any Confidential Material to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7.       No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent that copies are required in connection with this litigation. All copies, excerpts, or summaries of Confidential Material made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production.

8.       The inadvertent, unintentional or in camera disclosure of Confidential Material by a producing party shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of inadvertently disclosed information, subject to Paragraph 11.

9.       Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

10. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

(a) By imprinting the word "Confidential" on the first page or cover of any document produced;

(b) By imprinting the word "Confidential" next to or above any response to a discovery request;

(c) With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony; and

(d) With respect to any other documents or information, within ten calendar days of production, by letter or electronic mail from the producing party to all other parties identifying by bates-number or other identifiers the documents or information to be designated "Confidential."

11. A party may object to the designation of particular documents as Confidential Material by giving written notice to the producing party. The written notice shall identify the information to which objection is made and specify the grounds for the objection. Counsel for the parties shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt counsel cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the party objecting to the designation of information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. Any challenge to a "confidential" designation under this Protective Order must be asserted no later than forty-five (45) days before the dispositive motion deadline established by the Court.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document

and all copies thereof that have been designated as confidential shall be returned to the party that designated it confidential, or the parties may elect to destroy confidential documents. Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. A party contemplating filing Confidential Material protected by this Protective Order to the Court must include a notice to the Court that Confidential Material is being filed in a sealed envelope or other suitable sealed container with the case caption on the outside, and with the following or a similar statement: "Confidential-This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Material designated by the parties." All Confidential Materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602 (1978) (applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought or from filing a motion with respect to the manner in which Confidential Information shall be treated

at trial.

Dated and entered at Denver, Colorado, this 24th day of October, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge